Outlook

## RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

**From** Caleb Mason <cmason@werksmanjackson.com>
**Date** Thu 9/25/2025 10:39 AM
**To** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com <steven.brill@sullivanbrill.com>; ed@saponepetrillo.com <ed@saponepetrillo.com>; priya@chaudhrylaw.com <priya@chaudhrylaw.com>
**Cc** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>

Thanks, Ryan.  A couple questions and requests:

1. Given that any alleged CP materials are not going to be produced anyway, I don't see any difference between APO and AEO for purposes of this case.  Before agreeing to any AEO provision, I'd like to know what materials you're referring to and why you're asking for AEO in addition to APO.  Also, I don't think an AEO provision is appropriate that prohibits defense counsel from describing "the content of" discovery to our clients, and I don't think agreeing to such a provision would be consistent with the duty of effective representation.  I think APO suffices to cover any legitimate Government concerns.  I'd like to hear other defense counsel's position on that, but at a minimum, any AEO provision would have to include an additional sentence, in sum and substance as follows: "AEO materials may not be shown to the defendants, but may be described to the defendants and their content discussed with the defendants."
2. For each category, any materials the Government wants to designate need to be labelled with that category as part of the Bates stamp.  "Designated by communications to defense counsel" is too broad and ambiguous.
3. The types of documents to be included in each category need to be specified in the order; otherwise there's no substantive constraint on Government labelling, and thus no meaningful opportunity to challenge designations.  This should not be hard—just describe the categories you have in mind, e.g., "PII and images of nudity or sexual activity may be designated as APO."
4. Given the international structure of the church, Paragraph 16 is not appropriate, and should be removed.
5. Paragraph 15 should be limited to Sealed, APO, and AEO material.

Thanks,

Caleb

**Caleb Mason**
Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com

www.werksmanjackson.com
https://werksmanjackson.com/attorneys/caleb-mason.html

---

**From:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>
**Sent:** Tuesday, September 23, 2025 5:24 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Hi all,

Please find attached a proposed protective order for *United States v. Naason Joaquin Garcia*, 25 Cr. 370. Please sign and return this to us when you can. We'll begin rolling discovery productions promptly after this order is entered.

--Ryan

Ryan W. Allison
Assistant United States Attorney
Southern District of New York
212-637-2474
646-832-6855