Outlook

---

**RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order**

---

**From** Caleb Mason <cmason@werksmanjackson.com>

**Date** Tue 9/30/2025 7:08 PM

**To**  Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com <steven.brill@sullivanbrill.com>; ed@saponepetrillo.com <ed@saponepetrillo.com>; priya@chaudhrylaw.com <priya@chaudhrylaw.com>

**Cc** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>

---

Thanks, Ryan.  I have reviewed your comments and have given them careful consideration.  I appreciate your willingness to make some revisions.  However, I can't in good conscience agree to an order that prevents me from discussing with my client the contents of evidence to be used against him, and I have to preserve my objection to any such order.  But I still believe there's room for agreement on the language.  Accordingly, I'll make the suggestions below, and if the parties can't agree, I would ask that the Government agree to an expedited simultaneous briefing schedule and a hearing so that we can get the terms of the order finalized.  I am informed that the scheduling and briefing of such matters can often be accomplished in SDNY with relative informality compared to CD-Cal. and other districts.  I will defer to all the New York attorneys on this, but I think it might be reasonable to submit simultaneous five-page briefs within a week, something like that, assuming the Court would agree to such a schedule?

Proposed changes—I think these are reasonable compromises that incorporate your responses.

1. Modify the AEO paragraph (Paragraph 9) as follows: "…and the defense shall not share any AEO Material [~~or the content of the AEO Material~~] with any other persons, including the defendants except for personnel for whose conduct defense counsel is responsible. Nothing in this paragraph shall limit the right of defense counsel to discuss with defendants the contents or substance of any evidence in this case for the purpose of preparing the defense case.

2. Modify Paragraph 4 to include the phrase "designated in whole or in part as 'Attorney's Eyes Only' by the Government in writing." [Per our 9/25 discussion].

3. Modify Paragraph 16 to include the sentence: "Nothing in this paragraph shall limit the defense's right to disclose Disclosure Material in accordance with Paragraphs 6 through 10 and Paragraph 13 above, to any witnesses, investigators, experts, or other persons or entities to whom disclosure is otherwise permitted, regardless of the nationality, residence, or physical location of said persons or entities." [Per our 9/25 discussion.]

If you'll agree to these, I will be willing to back off from my objection to Paragraph 15, though I still think Paragraph 15 is not warranted.

The upshot of this proposal is that (1) the defense attorneys, while agreeing not to show AEO materials to their clients, are expressly not restricted from talking with their clients about the evidence; (2) there won't be ambiguity about what's designated as what; and (3) defense

attorneys will be able to consult with witnesses and experts in other countries, as will be necessary given the nature of the allegations in the Indictment. And I'm happy to tailor the language further if you'd like.

Thanks,

Caleb

**Caleb Mason**
Partner

**Werksman Jackson & Quinn LLP**

888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com
https://werksmanjackson.com/attorneys/caleb-mason.html

---

**From:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>
**Sent:** Thursday, September 25, 2025 2:45 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Hi Caleb,

Thanks for your email. This protective order contains standard language that is routinely entered in this District, and we are confident that Judge Preska would enter the protective order as we proposed. But we're happy to consider a few modifications, as discussed below in the responses to your questions:

1. We can't agree to modify the routine AEO provision. That term is standard for protective orders entered in this District, including in similar cases like the *Alexander* and *Combs* matters. As you know, this is a case with a large amount of sexually explicit material identifying specific victims, including minors. The discovery contains PII that would not be practical to redact in a timely manner. And, as charged in the indictment, there are serious concerns about obstruction in this case. The AEO provision does not preclude you, your firm and investigators, or your co-counsel from using any material to prepare for trial. We plan to use the AEO designation sparingly, and we are optimistic that we will be able to work together to resolve any particular AEO designations you have concerns about. If necessary, there is also process for you to challenge our designations with the Court in Paragraph 12 of the proposed order.

2. We are willing to modify the clause that you highlighted in Paragraph 4 to read: "designated in whole or in part as 'Attorney's Eyes Only' by the Government in writing."

3. It is unnecessary (and impractical, given that this is an ongoing investigation) to list all the potential categories of data that may be designated APO or AEO. Again, we will be happy to meet-and-confer about any particular objection you may have to specific designations,

and the protective order contains a mechanism for you to challenge our designations with Judge Preska if necessary.

4. We disagree that Paragraph 16 is inappropriate. To be sure, Paragraph 16 isn't designed to restrict the other provisions of the protective order that describe your ability to disclose discovery to witnesses and your clients.  If you'd like, we'd be willing to add the following sentence explicitly referencing those provisions: "Nothing in this paragraph shall limit the defense's right to disclose Disclosure Material in accordance with Paragraphs 6 through 10 and Paragraph 13 above."

5. We can't agree to modify Paragraph 15 when there are multiple unapprehended defendants.  Unapprehended defendants are not entitled to Rule 16 discovery, which may assist their continued flight from prosecution.

Let us know if you'd like to discuss.


Ryan W. Allison
Assistant United States Attorney
Southern District of New York
212-637-2474
646-832-6855

---

**From:** Caleb Mason <cmason@werksmanjackson.com>
**Sent:** Thursday, September 25, 2025 1:39 PM
**To:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** [EXTERNAL] RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Thanks, Ryan.  A couple questions and requests:

1. Given that any alleged CP materials are not going to be produced anyway, I don't see any difference between APO and AEO for purposes of this case.  Before agreeing to any AEO provision, I'd like to know what materials you're referring to and why you're asking for AEO in addition to APO.  Also, I don't think an AEO provision is appropriate that prohibits defense counsel from describing "the content of" discovery to our clients, and I don't think agreeing to such a provision would be consistent with the duty of effective representation.  I think APO suffices to cover any legitimate Government concerns.  I'd like to hear other defense counsel's position on that, but at a minimum, any AEO provision would have to include an additional sentence, in sum and substance as follows: "AEO materials may not be shown to the defendants, but may be described to the defendants and their content discussed with the defendants."
2. For each category, any materials the Government wants to designate need to be labelled with that category as part of the Bates stamp.  "Designated by communications to defense counsel" is too broad and ambiguous.
3. The types of documents to be included in each category need to be specified in the order; otherwise there's no substantive constraint on Government labelling, and thus no meaningful opportunity to challenge designations.  This should not be hard—just describe the categories you have in mind, e.g., "PII and images of nudity or sexual activity may be designated as APO."
4. Given the international structure of the church, Paragraph 16 is not appropriate, and should be removed.

5. Paragraph 15 should be limited to Sealed, APO, and AEO material.

Thanks,

Caleb

**Caleb Mason**
Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com
https://werksmanjackson.com/attorneys/caleb-mason.html

---

**From:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>
**Sent:** Tuesday, September 23, 2025 5:24 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Hi all,

Please find attached a proposed protective order for *United States v. Naason Joaquin Garcia*, 25 Cr. 370. Please sign and return this to us when you can. We'll begin rolling discovery productions promptly after this order is entered.

--Ryan

Ryan W. Allison
Assistant United States Attorney
Southern District of New York
212-637-2474
646-832-6855