**Outlook**

### RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

**From** Caleb Mason <cmason@werksmanjackson.com>
**Date** Fri 10/3/2025 12:32 PM
**To** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com <steven.brill@sullivanbrill.com>; ed@saponepetrillo.com <ed@saponepetrillo.com>; priya@chaudhrylaw.com <priya@chaudhrylaw.com>; justin@chaudhrylaw.com <justin@chaudhrylaw.com>
**Cc** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>

Thanks, Ryan. I appreciate your thoughts and response. Let's pick a schedule for simultaneous (short) briefing on the AEO issue, and let's hope that we can find a tweak or two that we can both live with re. disclosure of materials to individuals located in other countries. Since the parties don't have a substantive disagreement about our right to do that, the only question is how exactly to word it, and I think we are very close, but I do want you guys to commit expressly, e.g., "The defense is allowed to share discovery materials with experts or witnesses in foreign countries."

Then we'll litigate this AEO issue, and get rolling on the discovery. I'll be in Atlanta for Eleventh Circuit argument next week, but I don't think this briefing will take too long. I'd be willing to say simultaneous five-page briefs filed Monday the 13th, or thereabouts. Would that work for you? And then a hearing at the Court's convenience? Do we have the latitude in SDNY to make up briefing and hearing schedules like that?

Thanks,

Caleb

**Caleb Mason**
Partner

**Werksman Jackson & Quinn LLP**

888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com
https://werksmanjackson.com/attorneys/caleb-mason.html

**From:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>
**Sent:** Friday, October 3, 2025 6:45 AM
**To:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com; justin@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Thanks, Caleb.

- We can't agree to your proposed modification to the standard AEO language, which would effectively make the AEO provision no different than the APO provision. In cases that involve substantial witness safety and obstruction concerns, like this one, courts commonly enter protective orders over defense objections along the lines of the Sixth Amendment argument you raise. *See, e.g.*, Dkts. 49, 60, 61, 63, *United States v. Ho Wan Kwok*, 23 Cr. 118 (S.D.N.Y.) (AT).

    The main point of this AEO provision is to facilitate our production of certain materials more quickly than we otherwise would be required or able to, while accounting for safety and obstruction concerns. As we explained, we intend to use the AEO provision sparingly. It will principally allow us (1) to negotiate with you in good faith about making *Jencks, Giglio,* and 3500 productions earlier than legally required (*i.e.*, before the end of our witnesses' direct examinations), (2) to make unredacted or lightly redacted productions of any Rule 16 materials that have unusually sensitive information that would otherwise take a long time to redact (*e.g.*, voluminous bank records with sensitive PII), and (3) to produce other materials that we are not required to produce by rule or statute. If we do not have a true AEO provision in place, that will slow down your receipt of information.

    If we mark as AEO particular information that you feel you have a legal or ethical duty to discuss with your client, then that is what the dispute resolution provision of the proposed order is for. We will be open to negotiating in good faith about whether and when to de-designate any AEO material (for example, if we were to produce early *Jencks, Giglio*, or 3500 material, we would be open to negotiating a date before trial when the AEO designation for that material would sunset). And if, after those discussions, you disagree with our view about how the material should be designated, then the order contemplates that you would raise that disagreement with the court in the context of particular documents or groups of documents.

- I'm glad that we could reach resolution on Paragraph 4.

- It seems like we agree in substance on the modification to Paragraph 16, but we would prefer to keep the additional sentence in that paragraph limited to "Nothing in this paragraph shall limit the defense's right to disclose Disclosure Material in accordance with Paragraphs 6 through 10 and Paragraph 13 above." The further language you propose just seems to try to describe the function of the cross-referenced paragraphs. That additional language is, by its nature, superfluous and may introduce unnecessary confusion about the meaning of the cross-referenced paragraphs.

Ryan W. Allison
Assistant United States Attorney
Southern District of New York
212-637-2474
646-832-6855

---

**From:** Caleb Mason <cmason@werksmanjackson.com>
**Sent:** Tuesday, September 30, 2025 10:09 PM
**To:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS)

<Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** [EXTERNAL] RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Thanks, Ryan.  I have reviewed your comments and have given them careful consideration.  I appreciate your willingness to make some revisions.  However, I can't in good conscience agree to an order that prevents me from discussing with my client the contents of evidence to be used against him, and I have to preserve my objection to any such order.  But I still believe there's room for agreement on the language.  Accordingly, I'll make the suggestions below, and if the parties can't agree, I would ask that the Government agree to an expedited simultaneous briefing schedule and a hearing so that we can get the terms of the order finalized.  I am informed that the scheduling and briefing of such matters can often be accomplished in SDNY with relative informality compared to CD-Cal. and other districts.  I will defer to all the New York attorneys on this, but I think it might be reasonable to submit simultaneous five-page briefs within a week, something like that, assuming the Court would agree to such a schedule?

Proposed changes—I think these are reasonable compromises that incorporate your responses.

1. Modify the AEO paragraph (Paragraph 9) as follows: "…and the defense shall not share any AEO Material [~~or the content of the AEO Material~~] with any other persons, including the defendants except for personnel for whose conduct defense counsel is responsible. Nothing in this paragraph shall limit the right of defense counsel to discuss with defendants the contents or substance of any evidence in this case for the purpose of preparing the defense case.

2. Modify Paragraph 4 to include the phrase "designated in whole or in part as 'Attorney's Eyes Only' by the Government in writing." [Per our 9/25 discussion].

3. Modify Paragraph 16 to include the sentence: "Nothing in this paragraph shall limit the defense's right to disclose Disclosure Material in accordance with Paragraphs 6 through 10 and Paragraph 13 above, to any witnesses, investigators, experts, or other persons or entities to whom disclosure is otherwise permitted, regardless of the nationality, residence, or physical location of said persons or entities." [Per our 9/25 discussion.]

If you'll agree to these, I will be willing to back off from my objection to Paragraph 15, though I still think Paragraph 15 is not warranted.

The upshot of this proposal is that (1) the defense attorneys, while agreeing not to show AEO materials to their clients, are expressly not restricted from talking with their clients about the evidence; (2) there won't be ambiguity about what's designated as what; and (3) defense attorneys will be able to consult with witnesses and experts in other countries, as will be necessary given the nature of the allegations in the Indictment.  And I'm happy to tailor the language further if you'd like.

Thanks,

Caleb

**Caleb Mason**
Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor

Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com
https://werksmanjackson.com/attorneys/caleb-mason.html

---

**From:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>
**Sent:** Thursday, September 25, 2025 2:45 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Hi Caleb,

Thanks for your email. This protective order contains standard language that is routinely entered in this District, and we are confident that Judge Preska would enter the protective order as we proposed. But we're happy to consider a few modifications, as discussed below in the responses to your questions:

1. We can't agree to modify the routine AEO provision. That term is standard for protective orders entered in this District, including in similar cases like the *Alexander* and *Combs* matters. As you know, this is a case with a large amount of sexually explicit material identifying specific victims, including minors. The discovery contains PII that would not be practical to redact in a timely manner. And, as charged in the indictment, there are serious concerns about obstruction in this case. The AEO provision does not preclude you, your firm and investigators, or your co-counsel from using any material to prepare for trial. We plan to use the AEO designation sparingly, and we are optimistic that we will be able to work together to resolve any particular AEO designations you have concerns about. If necessary, there is also process for you to challenge our designations with the Court in Paragraph 12 of the proposed order.

2. We are willing to modify the clause that you highlighted in Paragraph 4 to read: "designated in whole or in part as 'Attorney's Eyes Only' by the Government in writing."

3. It is unnecessary (and impractical, given that this is an ongoing investigation) to list all the potential categories of data that may be designated APO or AEO. Again, we will be happy to meet-and-confer about any particular objection you may have to specific designations, and the protective order contains a mechanism for you to challenge our designations with Judge Preska if necessary.

4. We disagree that Paragraph 16 is inappropriate. To be sure, Paragraph 16 isn't designed to restrict the other provisions of the protective order that describe your ability to disclose discovery to witnesses and your clients. If you'd like, we'd be willing to add the following sentence explicitly referencing those provisions: "Nothing in this paragraph shall limit the defense's right to disclose Disclosure Material in accordance with Paragraphs 6 through 10 and Paragraph 13 above."

5. We can't agree to modify Paragraph 15 when there are multiple unapprehended defendants. Unapprehended defendants are not entitled to Rule 16 discovery, which may assist their continued flight from prosecution.

Let us know if you'd like to discuss.

Ryan W. Allison
Assistant United States Attorney
Southern District of New York
212-637-2474
646-832-6855

---

**From:** Caleb Mason <cmason@werksmanjackson.com>
**Sent:** Thursday, September 25, 2025 1:39 PM
**To:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** [EXTERNAL] RE: United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Thanks, Ryan. A couple questions and requests:

1. Given that any alleged CP materials are not going to be produced anyway, I don't see any difference between APO and AEO for purposes of this case. Before agreeing to any AEO provision, I'd like to know what materials you're referring to and why you're asking for AEO in addition to APO. Also, I don't think an AEO provision is appropriate that prohibits defense counsel from describing "the content of" discovery to our clients, and I don't think agreeing to such a provision would be consistent with the duty of effective representation. I think APO suffices to cover any legitimate Government concerns. I'd like to hear other defense counsel's position on that, but at a minimum, any AEO provision would have to include an additional sentence, in sum and substance as follows: "AEO materials may not be shown to the defendants, but may be described to the defendants and their content discussed with the defendants."
2. For each category, any materials the Government wants to designate need to be labelled with that category as part of the Bates stamp. "Designated by communications to defense counsel" is too broad and ambiguous.
3. The types of documents to be included in each category need to be specified in the order; otherwise there's no substantive constraint on Government labelling, and thus no meaningful opportunity to challenge designations. This should not be hard—just describe the categories you have in mind, e.g., "PII and images of nudity or sexual activity may be designated as APO."
4. Given the international structure of the church, Paragraph 16 is not appropriate, and should be removed.
5. Paragraph 15 should be limited to Sealed, APO, and AEO material.

Thanks,

Caleb

**Caleb Mason**
Partner

**Werksman Jackson & Quinn LLP**

888 W. 6th St. Fourth Floor
Los Angeles CA 90017

213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com
https://werksmanjackson.com/attorneys/caleb-mason.html

---

**From:** Allison, Ryan (USANYS) <Ryan.Allison@usdoj.gov>
**Sent:** Tuesday, September 23, 2025 5:24 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; steven.brill@sullivanbrill.com; ed@saponepetrillo.com; priya@chaudhrylaw.com
**Cc:** Herman, Michael (USANYS) <Michael.Herman@usdoj.gov>; Espinosa, Elizabeth (USANYS) <Elizabeth.Espinosa@usdoj.gov>; Daniels, Lisa (USANYS) <ELIZABETH.DANIELS@usdoj.gov>
**Subject:** United States v. Naason Joaquin Garcia, 25 Cr. 370 (LAP) // Protective Order

Hi all,

Please find attached a proposed protective order for *United States v. Naason Joaquin Garcia*, 25 Cr. 370. Please sign and return this to us when you can. We'll begin rolling discovery productions promptly after this order is entered.

--Ryan

Ryan W. Allison
Assistant United States Attorney
Southern District of New York
212-637-2474
646-832-6855