**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 22, 2026

**BY ECF**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Naasón Joaquín García, et al.*, S1 25 Cr. 370 (LAP)**

Dear Judge Preska:

The Government writes respectfully in advance of the conference scheduled for October 27, 2026, to request that the Court enter a schedule for pretrial disclosures and filings. The parties have corresponded about this schedule, and all three defendants agree to all but one of the proposed dates, as noted below. The proposed schedule is as follows:

**Expert Notices**
Government: January 27, 2027
Defendants: February 10, 2027
Rebuttal: February 24, 2027

**Notices under Rules 404(b), 413, and 414 and "Enterprise Letter" – Disputed**
Government's Proposal:
Rule 404(b), 413, and 414 notices and "Enterprise Letter": January 27, 2027[1]

Defendants' Proposal:
"Enterprise Letter": January 8, 2027
Rule 404(b), 413, and 414 notices: January 27, 2027

[1] The Government originally proposed February 10, 2027, for the "Enterprise Letter" but then agreed to the earlier date of January 27, 2027, to accommodate the defendants' requests.

**Notices under Rule 412**
Rule 412 notices: February 25, 2027

**Voir Dire, Request to Charge, and Verdict Forms:**
Government and Defendants: February 25, 2027

**Motions *in Limine***
Motions: February 25, 2027
Oppositions: March 4, 2027

**18 U.S.C § 3500 and *Giglio* Materials, Defense Rule 16 and Rule 26.2 Disclosure**
Government's production: January 27, 2027 ("Attorneys Eyes Only")
Redesignation: March 8, 2027 (lay witnesses "Attorney's Possession Only")
Defendants' Rule 16 disclosures[2] and Rule 26.2 material: March 8, 2027

**Witness and Exhibit Lists**
Government: March 15, 2027
Defendants: March 22, 2027

The sole dispute between the parties is whether the Government must transmit its so-called "Enterprise Letter," which will list specific racketeering acts the Government intends to prove at trial, to the defendants by January 8 or January 27, 2027. The later date strikes the appropriate balance between ensuring the defendants have adequate pretrial notice and protecting victims and witnesses from threats and intimidation.

With respect to adequate notice, the Government has agreed to extraordinarily early dates—more than sixty days before trial—for the disclosure of the "Enterprise Letter," § 3500 materials, and other, related pretrial notices. Those early disclosures will give the defendants here much more advance notice of the anticipated witness testimony than most defendants in this District receive. *See United States v. Wey*, 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) (Nathan, J.) ("it is a widely recognized customary practice in this District" that *Jencks* Act and *Giglio* materials "are typically produced a week or two before the start of trial, depending on the complexity of the case"). An earlier "Enterprise Letter" would also be premature, as the Government continues to meet with witnesses and may continue to identify

[2] This is inclusive of all non-impeachment material that the defendants intend to introduce through cross-examination.

additional racketeering acts in its investigation, which could require numerous amendments to, or supplements of, the "Enterprise Letter."

With respect to concerns about threats and intimidation, because they reveal details about the acts on which the Government intends to focus at trial, "Enterprise Letters" necessarily reveal information about the identity of victims and witnesses. This is a case that is already fraught with extensive efforts by the defendants and their co-conspirators to intimidate victims of sex crimes and other witnesses. *See* Dkt. 4 ¶¶ 14, 24(k) (charging the defendants and their co-conspirators with obstruction); Dkt. 12, at 5 (describing some obstruction efforts). Disclosing information that may shed light on witness identities, including victims who suffered sexual abuse, any earlier than necessary risks further intimidation and harassment of witnesses that could undermine the administration of justice in this Court.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By:_____/s/______________________
Ryan W. Allison
Lisa Daniels
Elizabeth A. Espinosa
Michael R. Herman
Assistant United States Attorneys
(212) 637-2200

cc: Counsel of Record (by ECF)